UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| MICHAEL MCKINNEY, | ) | |
|---|---|---|
| | ) | Case No. 1:13-cv-251 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

**ORDER**

Before the Court is Petitioner Michael McKinney's petition for a writ of habeas corpus (Doc. 2), his motions requesting appointed counsel (Docs. 3, 5), and his motion to proceed in forma pauperis (Doc. 7). For the following reasons, Petitioner's application for a writ (Doc. 2) will be **DENIED**, his motions requesting appointed counsel (Docs. 3, 5) will be **DENIED AS MOOT**, and his motion to proceed in forma pauperis (Doc. 7) will be **DENIED AS MOOT**.

I. **BACKGROUND**

Petitioner filed his application for a writ of habeas corpus on November 25, 2024. (*See* Doc. 2.) His application is difficult to follow. (*See* Doc. 2.) However, he cites the case number 1:11-cr-74, and specifically states that he seeks a writ of habeas corpus. (*See id.* at 1.) Additionally, Petitioner seems to assert that law enforcement officers planted false evidence that led to his conviction in Case No. 1:11-cr-74. (*See id.* at 1–5.) It appears that Petitioner is no longer in federal custody. (*See* Doc. 136 in Case No. 1:11-cr-74.) As such, the Court construes his petition as seeking a writ of error coram nobis. *See Blanton v. United States*, 94 F.3d 227, 231 (6th Cir. 1996) ("The writ of error coram nobis is used to vacate a federal sentence or

conviction when a § 2255 motion is unavailable—generally, when the petitioner has served his sentence completely and thus is no longer 'in custody' as required for § 2255 relief.").

## II. STANDARD OF LAW

"A federal court's power to issue a coram nobis writ comes from the All Writs Act, 28 U.S.C. § 1651." *Blanton v. United States*, 94 F.3d 227, 231 (6th Cir. 1996) (citation omitted). "Coram nobis may be used only to review errors of the most fundamental character, that is, such as rendered the proceeding itself invalid." *Id.* (quoting *Flippins v. United States*, 747 F.2d 1089, 1091 (6th Cir. 1984) (per curiam)) (internal quotations omitted). "The writ may be granted if the petitioner demonstrates: (1) an error of fact; (2) unknown at the time of trial; (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known." *Barrow v. United States*, 455 F. App'x 631, 634 (6th Cir. 2012) (quoting *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001)) (internal quotation omitted). "Coram nobis is only appropriate when necessary to remedy an ongoing civil disability, such as an enhanced penalty for a recidivist offender." *United States v. Holley*, No. 23-5903, 2024 WL 4554805, at *3 (6th Cir. Sept. 24, 2024) (quoting *United States v. Castano*, 906 F.3d 458, 463 (6th Cir. 2018)) (internal quotations and alteration omitted). A civil disability must meet the following test:

> First, the disability must be causing a present harm; it is not enough to raise purely speculative harms or harms that occurred completely in the past. Second, the disability must arise out of the erroneous conviction. Third, the potential harm to the petitioner must be more than incidental.

*Castano*, 906 F.3d at 463 (citation omitted). Coram nobis is limited to "extreme cases," and "[i]t is presumed that the proceedings leading to the prior conviction were correct." *Id.* at 462 (citations omitted).

### III.  ANALYSIS

#### A.  Corum Nobis

Petitioner is not entitled to a writ of coram nobis.  First, Petitioner's only alleged evidence demonstrating that law enforcement officers planted false evidence leading to his conviction in Case No. 1:11-cr-74 is "Karen Annette McKinney Lindsey Maskew's own admittance." (*See* Doc. 2, at 4.)  Petitioner does not provide a declaration or affidavit from this individual, as he states that "put under pressure and [interrogation] [sic], she will admit to her entire scheme of coercion." (*Id.* at 7.)  This is insufficient to show that Petitioner is entitled to relief.  *Cf. Barrow*, 455 F. App'x at 634–35 (finding that the petitioner was not entitled to coram nobis relief when he failed to supply pertinent records to support his claims).

Additionally, none of Petitioner's allegations contradict his guilty plea in Case No. 1:11-cr-74.  "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  Rather, the defendant "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [*McMann v. Richardson*, 397 U.S. 759 (1970)]." *Id.*  Petitioner pled guilty to count one of the indictment in Case No. 1:11-cr-74.  (*See* Docs. 30, 31 in Case No. 1:11-cr-74.)  Petitioner's claims in his application for coram nobis do not address the nature of his plea.  (*See* Doc. 2.)  As such, he may not now "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *See Tollett*, 411 U.S. at 267.

Petitioner also fails to show that he is suffering from a qualifying civil disability. The harms Petitioner identifies in his application for coram nobis occurred in the past. (*See* Doc. 2, at 4 (alleging that his criminal conviction led to a loss of "dignity, liberty, and life as [Petitioner] knew it" prior to his arrest).) Petitioner's request for "material compensation" also suggests that he seeks redress for a past harm. (*See id.* at 8.) A qualifying civil disability "must be causing a present harm." *Castano*, 906 F.3d at 463 (citation omitted). Petitioner does not allege any present harm (*see* Doc. 2), and, as such, he is not entitled to a writ of coram nobis.

Lastly, Petitioner's claim is barred by the doctrine of laches. "To avoid the bar, a coram nobis petitioner must demonstrate that sound reasons exist for not seeking appropriate relief previously as a lengthy delay prejudices the government's ability to respond to the petition and to reprosecute a meritorious case." *Craven v. United States*, 26 F. App'x 417, 419 (6th Cir. 2001) (citation omitted). Petitioner explains that he was unaware of the facts he alleged in his petition at the time he filed for relief under § 2255 in Case No. 1:11-cr-74. (Doc. 2, at 3.) Petitioner also claims that "he was recently made aware" of the facts alleged in his petition. (*Id.* at 7.) Petitioner offers no other explanation pertaining to when he discovered the facts alleged in his petition. (*See* Doc. 2.) Petitioner filed his § 2255 in Case No. 1:11-cr-74 in August 2013. (*See* Doc. 44 in Case No. 1:11-cr-74.) This is over eleven years from the date he filed his petition for coram nobis. (*See* Doc. 2.) The Court finds a delay of over eleven years unreasonable in this circumstance, when Petitioner does not provide the date he discovered the facts alleged and provides no explanation for his delay in filing for relief outside of the statements the Court identified above. *Cf. Holley*, 2024 WL 4554805 at *3 ("Sound policy dictates that coram nobis claims be brought as early as possible . . . ." (internal quotation, citation, and alteration omitted));

*Craven*, 26 F. App'x at 419 (finding a seven-year delay unreasonable when the petitioner offered no reason for the delay).

### B. Appoint Counsel

Considering that the Court has denied Petitioner's application for a writ, his motions requesting the appointment of counsel (Docs. 3, 5) are **DENIED AS MOOT**.[1]

### C. In Forma Pauperis

Petitioner also requests to proceed in forma pauperis. (*See* Doc. 7.) Petitioner's application for a writ was docketed as a § 2255 action associated with Case No. 1:11-cr-74, and, thus, he should not be charged a filing fee. Accordingly, his motion to proceed in forma pauperis (Doc. 7) is **DENIED AS MOOT**.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's application for a writ (Doc. 2) is **DENIED**. Petitioner's motions seeking appointed counsel (Docs. 3, 5) are **DENIED AS MOOT**. Petitioner's motion to proceed in forma pauperis (Doc. 7) is **DENIED AS MOOT**.

SO ORDERED.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[1] Even assuming that these motions are not moot, Petitioner has no right to counsel, *see United States v. Oliver*, No. 3:17-CR-41-3, 2020 WL 2310391, at *3 (E.D. Tenn. May 8, 2020) (explaining that "there is no general constitutional right to appointed counsel in post-conviction proceedings"), and the Court finds that the appointment of counsel is not warranted.